**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

JEFF SKLARIN,

Plaintiff,

vs.

GOOGLE LLC,

Defendant.

Case No. 1:26-cv-00549

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF PARTIAL MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Defendant, Google LLC ("Google" or "Defendant"), by and through its attorneys, Littler Mendelson, P.C., and pursuant to Federal Rule of Civil Procedure 12(b)(6), submits its Memorandum of Law in Support of its Partial Motion to Dismiss Plaintiff's Amended Complaint. In support of its Motion, Google states as follows:

## I. INTRODUCTION

In response to Google's initial Partial Motion to Dismiss Plaintiff's Complaint for failure to state a claim (*see* Dkt. Nos. 15-16), Plaintiff filed his Amended Complaint ("FAC") (*see* Dkt. No. 22). However, Plaintiff's FAC ultimately retains many of the same deficiencies present in his original Complaint. Specifically, Plaintiff's Section 1981 claims Counts I (Discrimination in Violation of Section 1981) and IV (Retaliation in Violation of Section 1981, Title VII and ADA) fail because he still has failed to allege any facts to connect his Jewish race or ethnicity to any alleged discriminatory treatment. Moreover, Plaintiff's Section 1981 claims fail because Plaintiff still does not allege that his Jewish race or ethnicity is the but-for cause of any alleged discriminatory treatment. Accordingly, Plaintiff's FAC warrants dismissal in accordance with Rule 12(b)(6) of the Federal Rules of Civil Procedure. As set forth in detail below, this Court

should dismiss Count I in its entirety and also should dismiss Count IV, to the extent that Count IV alleges retaliation in violation of Section 1981.

## II. RELEVANT PROCEDURAL HISTORY

On January 16, 2026, Plaintiff filed his original Complaint and alleged that Google unlawfully discriminated against him based on (1) his being Jewish, (2) his religion (also Jewish) and (3) his disability (anxiety and depression), retaliated against him for complaining about the alleged discrimination, and ultimately constructively discharged him from his employment. (Dkt. No. 1, at ¶¶5, 18, 24, 33, 36, 41, 59). Plaintiff brought his discrimination and retaliation claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), the Americans With Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"), 42 U.S.C. § 1981 ("Section 1981") and the Illinois Human Rights Act, 775 ILCS 5/ ("IHRA").

On May 1, 2026, Defendant filed a Partial Motion to Dismiss Plaintiff's Complaint (*see* Dkt. Nos. 15-16), arguing that Plaintiff's claims under Section 1981 suffer from fatal deficiencies because Plaintiff failed to allege that being "Jewish" constitutes his race or ethnicity, failed to connect being Jewish to any allegedly wrongful conduct and failed to allege that his race was the "but-for" cause of the alleged employment actions.

On May 5, 2026, this Honorable Court set a briefing schedule on Defendant's Partial Motion to Dismiss Plaintiff's Complaint. (Dkt. No. 19). Plaintiff's response to Defendant's Partial Motion to Dismiss Plaintiff's Complaint is due June 5, 2026, and Defendant's reply is due June 16, 2026. *Id.*

On May 22, 2026, Plaintiff filed the FAC. (Dkt. No. 22). Plaintiff's FAC does not assert new allegations regarding any alleged wrongful conduct. While the FAC now alleges that being "Jewish" constitutes Plaintiff's race or ethnicity, (*Id.* ¶¶5, 18, 44, 45), it still fails to connect being

Jewish to any allegedly wrongful conduct and also still fails to allege that Plaintiff's race or ethnicity was the "but-for" cause of the alleged employment actions.

## III. STATEMENT OF RELEVANT FACTS[1]

Plaintiff was hired by Google in April 2016. (*Id.* ¶6). During Plaintiff's employment with Google, he was an Agency Account Strategist, Senior Agency Account Strategist, Account Executive and Senior Account Executive. (*Id.* at ¶8). Plaintiff identifies as Jewish. (*Id.* at ¶17). Plaintiff alleges that Jewish people constituted a "distinct race" that Congress intended to protect at the time that Section 1981 was adopted. (*Id.* at ¶18, 44, 45). Additionally, Plaintiff appears to allege that being Jewish is his "ethnicity." (*Id.* at ¶5).

In approximately April 2023, Plaintiff began reporting to Syed Rabbi ("Rabbi"). (*Id.* at ¶10). Plaintiff alleges that he disclosed to Rabbi his mental health issues of depression and anxiety, and that Rabbi "found out" that Plaintiff is Jewish. (*Id.* at ¶¶ 15, 17, 19).

Plaintiff alleges that he was subjected to discriminatory comments and behavior during his employment at Google. (*Id.* at ¶¶20-26). Such incidents include Rabbi allegedly "relying on discriminatory stereotypes against Sklarin's disability" and commenting that the job is going to be "very mentally tough on [Sklarin]," allegedly asking whether Sklarin "can mentally handle the stress of this role" and inquiring whether Sklarin was "taking something every day," and other alleged comments and conduct. (*Id.* at ¶¶20, 22, 24, 26). Plaintiff also alleges that he received a negative performance review and non-constructive feedback from Rabbi. (*Id.* at ¶¶27, 29).

Plaintiff alleges that he reported the alleged discrimination to Human Resources, Employee Resources, the Accommodations Group and supervisors at Google. (*Id.* at ¶¶34-36). Plaintiff alleges that after reporting the alleged discrimination, he was subjected to increased scrutiny and

[1] Consistent with Rule 12(b)(6), Defendant assumes the factual allegations in the FAC are true for purposes of this Motion only. Defendant reserves the right to challenge the veracity of the allegations to the extent the matter proceeds.

unwarranted performance discipline, denied compensation and advancement opportunities, and ultimately constructively discharged from his employment. (*Id*. at ¶41, 58).

## IV. LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of a complaint. S*ee Ogden Martin Sys. of Indianapolis, Inc. v. Whiting Corp.*, 179 F.3d 523, 526 (7th Cir. 1999). A court must dismiss a claim if the plaintiff can prove no set of facts that would establish his or her entitlement to relief. *See N. Ind. Gun & Outdoor Shows v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998). In *Ashcroft v. Iqbal*, the Supreme Court held that a plaintiff's request for relief must be "plausible on its face" to survive a motion to dismiss. 556 U.S. 662, 663 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the alleged facts "allow the court to draw the reasonable inference that the defendant is liable for the misconduct as alleged." *Id*. Stated otherwise, the facts alleged must push the "claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

In considering a Rule 12 motion, a court ordinarily takes the facts alleged in the complaint as true and draws all reasonable inferences in the plaintiff's favor. *Thomason v. Nachtrieb*, 888 F.2d 1202, 1204 (7th Cir. 1989). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678 (internal citations omitted). "[N]aked assertions devoid of further factual enhancement" are not sufficient to overcome a Rule 12 motion. *Id*. (internal quotations omitted). In addition, a court is not obligated to ignore any facts set forth in the complaint that undermine the plaintiff's claims. *N. Ind. Gun & Outdoor Shows*, 163 F.3d at 452. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations . . . a defendant should not be forced to undergo costly discovery unless the complaint contains enough detail, factual or argumentative,

to indicate that the plaintiff has a substantial case." *Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009).

## V. ARGUMENT

### A. Plaintiff's Section 1981 Claims (Count I and IV) Fail Because He Still Does Not Allege Any Facts to Connect Being Jewish to Any Alleged Discriminatory Treatment.

Even though Plaintiff alleges that being "Jewish" constitutes his race or ethnicity (Dkt. No. 22 at ¶18, 44, 45), his Section 1981 claims still fail because he does not allege any facts to connect his being Jewish to any allegedly wrongful conduct. Specifically, Plaintiff alleges that he was subjected to certain offensive comments and behavior during his employment with Google. (*Id*. at ¶¶20-26). Such incidents include Rabbi allegedly "relying on discriminatory stereotypes against Sklarin's disability" and commenting that the job is going to be "very mentally tough on [Sklarin]," allegedly asking whether Sklarin "can mentally handle the stress of this role" and inquiring whether Sklarin was "taking something every day," and other alleged comments and conduct. (*Id*. at ¶¶20, 22, 24, 26). None of these alleged comments and conduct plausibly support that Plaintiff was discriminated against based on his alleged Jewish race or ethnicity. *Iqbal*, 556 U.S. at 663; *Twombly*, 550 U.S. at 570. In other words, Rabbi's alleged reliance on discriminatory stereotypes about Plaintiff's "disability" and comments about "mental stress" and "toughness" does not allow the court to draw the reasonable inference that Google is liable for discrimination based on Plaintiff's Jewish race or ethnicity. *Iqbal*, 556 U.S. at 663; *Twombly*, 550 U.S. at 570. At most, Plaintiff offers a few conclusory statements that he was "harass[ed], belittle[ed] or taunt[ed] on account of … [his] Jewish identity," Dkt. No. 22 at ¶ 23, or that Rabbi "demonstrated animosity toward Sklarin because Sklarin is Jewish," Dkt. No, 22 at ¶ 20, but he does not support these statements with *any* facts. As such, these bare legal conclusions are insufficient to ward off

dismissal of his claim. *Iqbal*, 556 U.S. at 678 (internal citations omitted).

Because Plaintiff has still failed to allege any facts connecting his being Jewish to any allegedly wrongful conduct, Count I and IV must be dismissed with prejudice. *See Vang v. State Farm Mut. Auto. Ins. Co.*, 20-CV-1260-JES-TSH, 2021 WL 5761002, at *9 (C.D. Ill. Dec. 3, 2021) (dismissing plaintiff's Section 1981 claims because he did not allege facts supporting discrimination based on race); *Equal Employment Opportunity Comm'n v. Sis-Bro Inc.*, 24-CV-968-JPG, 2025 WL 213992, at *3 (S.D. Ill. Jan. 16, 2025) (dismissing plaintiff's Section 1981 claim because the facts alleged do not suggest that race or ethnicity caused the constructive discharge); *Bakhtiari v. Doe*, No. 22 C 2406, 2022 WL 17593027, at *10-11 (N.D. Ill. Dec. 13, 2022) (dismissing Section 1981 race discrimination claim where plaintiff failed to plead intent to discriminate based on any protected characteristic).

### B. Plaintiff's Section 1981 Claims (Count I and IV) Fail Because Plaintiff Still Does Not Allege That His Race or Ethnicity Is the *But-For* Cause of Any Alleged Discriminatory Treatment.

Even though Plaintiff now alleges that being "Jewish" constitutes his race or ethnicity, Plaintiff's Section 1981 discrimination and retaliation claims must be dismissed because Plaintiff still alleges multiple causal factors for the challenged employment actions. Plaintiff alleges that he was subject to adverse employment action not only because of his Jewish race or ethnicity, but also because of his alleged disability (anxiety and depression), his religion (also Jewish), and because of retaliation. (*Id*. at ¶¶5, 23, 27, 51). For instance, Plaintiff alleges that "Rabbi's feedback after learning of Sklarin's ***disability and Jewish identity*** was subjective, unhelpful, and often demonstrably false" (*Id*. at ¶ 29), and that "Sklarin's first biannual review after he disclosed his ***disability and Jewish identity*** to Rabbi and took short-term disability leave was more negative than he had ever received at Google" (*Id*. at ¶ 27). (Emphases added). Plaintiff also alleges that he

was "subjected to discrimination, harassment, and retaliation due to his ***disability, religion, and ethnicity during his tenure.***" (*Id*. at 5). (Emphases added). Plaintiff alleges that Google retaliated against Plaintiff in various ways due to reporting the alleged discrimination. (*Id*. at ¶ 58, 63, 71).

Plaintiff's claim must be dismissed because a Section 1981 claim requires race to be the "but for" cause of the alleged employment action. *See Arora v. NAV Consulting*, No. 21 C 4443, 2022 WL 7426211 (N.D. Ill. Oct. 13, 2022) (Ellis, J.) (granting partial motion for judgment on the pleadings and dismissing Section 1981 claim where plaintiff alleged discrimination based on his ethnicity, national origin and race). In *Comcast Corp. v. National Association of African American Owned Media*, the United States Supreme Court held that a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" that *but-for his or her race*, the plaintiff would not have suffered the loss of a legally protected right. 140 S. Ct. 1009, 1014, 1019 (2020). A plaintiff "cannot survive a motion to dismiss [a Section 1981 claim] upon a showing that racial discrimination was *one* factor among many in a defendant's decision. Racial discrimination must be the *determining* factor." *Piccioli v. Plumbers Welfare Fund Loc. 130*, U.A., 2020 WL 6063065, at *6 (N.D. Ill. Oct. 14, 2020) (emphasis added). In other words, courts applying *Comcast* have found that to sustain a Section 1981 claim, a plaintiff must do more than allege that race played "some role" in the alleged employment action. Instead, a plaintiff must plead, at the initial pleading stage, that "but-for" the racial animus, he would not have suffered the loss of a legally protected right. *Id*.

Following *Comcast*, courts within this Circuit have dismissed Section 1981 claims where plaintiffs plead both race-based and non-race-based reasons for an alleged adverse employment action. For example, in *Arora v. NAV Consulting*, No. 21 C 4443, 2022 WL 7426211 (N.D. Ill. Oct. 13, 2022) (Ellis, J.), the plaintiff alleged that the defendant had discriminated against him

because of his race, in violation of Section 1981, and he also alleged that he was subjected to discrimination because of his ethnicity, national origin and citizenship status. 2022 WL 7426211 at *2 (N.D. Ill. Oct. 13, 2022). The Court found that because the plaintiff had alleged multiple causes of discrimination, he could not successfully plead a Section 1981 race discrimination claim because he could not show, as he must to survive dismissal, that racial discrimination was the determining factor in the alleged adverse employment action. *Id*. at *3. The Court also dismissed the plaintiff's argument that he was free to plead in the alternative under various civil rights statutes, finding that this fact did not change *Comcast*'s holding that race must be asserted as the determinative cause to sustain a Section 1981 claim. *Id*.; *see also Hill v. Target Corp.*, 24 C 341, 2025 WL 3034033, at *4 (N.D. Ill. Oct. 30, 2025) (granting defendant's motion to dismiss and dismissing plaintiff's amended complaint with prejudice because plaintiff alleged that the at-issue treatment was "because of her race *and* complaints to HR and OSHA" and that "[t]his is, simply put, not 'but-for' causation" necessary to succeed on a Section 1981 claim) (emphases in original) (internal quotations omitted).

Likewise, in *Adetoro v. King Abdullah Academy*, the plaintiffs alleged that their employer terminated their employment in violation of Section 1981 on the basis of their race, and they also alleged they were discharged because of their religion and national origin. 2020 WL 7122858, at *1 (N.D. Ill. Dec. 4, 2020). The court ultimately determined it was impossible to find that race was the "but-for" cause of the plaintiffs' termination because the plaintiffs alleged a "buffet of reasons other than race" for the employer's action. *Id*. at *4, 6.

Similarly, in *Vang v. State Farm Mutual Auto Insurance Co.*, the plaintiffs brought Section 1981 claims against the defendant alleging discrimination on the basis of national origin and argued that "the intersect of race and national origin is protected because race is an included basis"

pursuant to Section 1981. 2021 WL 5761002, at *1-2 (C.D. Ill. Dec. 2, 2021). The court dismissed the Section 1981 claim, holding that race is protected under Section 1981, but national origin is not, no matter "however subtle" the distinction may be. *Id*. at *10.

Here, Plaintiff fails to allege that race was the "but for" cause of any alleged adverse employment action. To the contrary, Plaintiff alleges that he was mistreated due to his Jewish race or ethnicity, *and* his religion, *and* his disability, *and* in retaliation for reporting the alleged discrimination. (Dkt. No. 22 at ¶¶5, 27, 29, 58, 63, 71). Plaintiff's Complaint clearly demonstrates that being Jewish is merely "one factor among many" underlying Google's alleged acts, and certainly not the "determining factor." *Piccioli*, 2020 WL 6063065, at *6; s*ee also Mir v. State Farm Mut. Auto. Ins. Co.*, 847 F. App'x 347, 350 (7th Cir. 2021) ("Nothing in Mir's complaint—which he declined to amend—could permit the inference of but-for causation here."); *McKenzie-El v. Am. Sugar Ref., Inc.*, No. 21-1089, 2021 WL 5412341, at *2 (4th Cir. Nov. 19, 2021) ("McKenzie-El's complaint simply does not allege facts showing that his race was a causal factor in his specific treatment, much less that it was the 'but for' cause. This is especially so considering that McKenzie-El explicitly pled that his age, religion, and complaints to human resources were causes of his employer's actions."). Indeed, Plaintiff includes no specific allegations whatsoever about his Jewish race or ethnicity being the but for cause of any adverse employment actions and instead alleges that:

- He was "subjected to discrimination, harassment, and retaliation due to his ***disability, religion, and ethnicity*** during his tenure." (Dkt. 22 at ¶ 5). (Emphasis added).
- "Through [Rabbi's] continual harassment, belittling and taunting on account of Sklarin's ***disability and Jewish identity***, Rabbi was successful in causing Sklarin to need to take a leave of absence." (*Id*. at ¶23). (Emphasis added).

- "Despite Sklarin's consistently strong performance, Sklarin's first biannual review after he disclosed his ***disability and Jewish identity*** to Rabbi and took short-term disability leave was more negative than he had ever received at Google." (*Id*. at ¶ 27). (Emphasis added).
- "Rabbi's feedback after learning of Sklarin's ***disability and Jewish identity*** was subjective, unhelpful, and often demonstrably false." (*Id*. at ¶ 30). (Emphasis added).
- Defendant allegedly retaliated against him for reporting the alleged discrimination by ignoring his doctors' orders, denying him an accommodation, subjecting him to increased scrutiny, unwarranted. (*Id*. at ¶ 37, 58, 65).

In short, Plaintiff's own allegations make clear that he has still unequivocally failed to allege that his Jewish race or ethnicity was the "but for" – or only – reason for Google's alleged actions. Thus, this Court must dismiss Plaintiff's Section 1981 claims against Google, as set forth in Count I and IV. *Arora*, 2022 WL 7426211 at * 3

## VI. CONCLUSION

Defendant respectfully requests that the Court grant its Partial Motion to Dismiss Plaintiff's Section 1981 claims (Count I and IV) and for such other relief as deemed appropriate by the Court.

Dated: June 5, 2026

Respectfully submitted,

**GOOGLE LLC**

*/s/ Maria A. Palivos*

Shanthi V. Gaur, Bar No. 06224996
sgaur@littler.com
Maria A. Palivos, Bar No. 6342554
mpalivos@littler.com
LITTLER MENDELSON, P.C.
321 North Clark Street, Suite 1100
Chicago, Illinois 60654
Telephone: 312.372.5520
Facsimile: 312.372.7880

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I, Maria A. Palivos, an attorney, hereby certify that, on June 5, 2026, I caused a copy of ***Defendant's Memorandum of Law In Support of Its Partial Motion to Dismiss Plaintiff's Amended Complaint*** to be filed with the Clerk of the Court, using the CM/ECF system, and served upon the following counsel of record:

Linda D. Friedman, Esq.
Adam H. Lewis, Esq.
Stowell & Friedman, Ltd.
303 W. Madison, Suite 2600
Chicago, IL 60606

*Attorneys for Plaintiff*

*/s/ Maria A. Palivos*